By the Court.
While much consideration in arguments and briefs has been given to the wisdom of the provisions of Sections 7762-1 and 7762-2, General Code, this court is of opinion that such argument might better be addressed, to the legislative branch of the government.
Courts do not sit to review the wisdom of legis-. lative acts, nor do they possess such power. On the contrary, the policy, the advisability, and the wisdom of all legislation, subject to the veto of the governor and the referendum of the people, are subjects for legislative determination exclusively. The inexpediency, injustice or impropriety of a legislative act is not a ground upon which the court may declare the act void. The remedy for such evils must be sought by an appeal to the justice and patriotism of the legislature itself.
Except as limited by the Federal and State Constitutions, the power of the general assembly to *476 legislate is inherent and unlimited and covers the whole range of legitimate legislation.
If the general assembly in the exercise of its power to legislate enacts laws necessary for the welfare of society, and thereby makes unlawful conduct theretofore lawful, such legislation will not be held to be unconstitutional simply because it forbids the doing of things theretofore permitted. The enjoying and defending life and liberty and seeking and obtaining happiness do not contemplate that they shall be enjoyed, sought and obtained as they were enjoyed, sought and obtained by primitive man, but that they shall be enjoyed, sought and obtained with such regard to the rights of society as the common welfare, as defined by the legislature, requires. It is upon this theory that our system of government exists.
The legislation in question is of equal application to every pupil of the state who has not completed a course of study equivalent to that prescribed in the first seven grades of the elementary schools, regardless of nationality, ancestry, or place of birth, and is, therefore, of equal operation upon every person within the designated grade.
The constitutionality of the act under consideration is, therefore, dependent upon whether the common welfare required such legislation. The legislature is presumed to have had before it such information with reference to the effect of the teaching of the German language to the youth of the state below the eighth grade as justified it in concluding that the common welfare required the prohibition of such teaching to such youth, and if the legislature *477 found such facts to exist as to warrant it in the enactment of the sections in question it is not within the province of a court to redetermine the existence or nonexistence of such facts, even though the court might upon such redetermination reach a different conclusion. If under any possible state of facts the sections would be constitutional, this court is bound to presume that such facts exist.
No principle is better established by the decisions of the federal and state courts than that thé possession and enjoyment of all rights are subject to such reasonable regulations as are deemed by the legislative authority to be essential to the welfare of the state, and every intendment is to be made in favor of the validity and lawfulness of such regulations unless they are clearly unreasonable and violative of some express provision of the constitution.
For these reasons we are unable to reach the conclusion that Sections 7762-1 and 7762-2 are unconstitutional, and the judgments of the court of appeals will, therefore, be affirmed.

Judgments affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.